IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER TODD BENTON,
    Petitioner,

vs.                                    Case No.:  4:05cv29/MMP/EMT

JAMES CROSBY,
    Respondent.
_____/

## ORDER AND REPORT AND RECOMMENDATION

       This cause is before the court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges the taking of his gain time credits within the Florida Department of Corrections as a result of disciplinary action taken against him for possession of unauthorized drugs (*see* Doc. 1).  Respondent filed a motion to dismiss the petition on the ground that Petitioner failed to exhaust his state court remedies (Doc. 8).  Petitioner filed a traverse (Doc. 9), to which Respondent responded (Doc. 12).  Additionally, Petitioner filed a Motion to Hear and Rule in which he seeks expedited review of this matter (Doc. 13).

I.    BACKGROUND AND PROCEDURAL HISTORY

       Petitioner, a Florida inmate incarcerated at Jefferson Correctional Institution, challenges a May 20, 2003, disciplinary action that was taken against him at Holmes Correctional Institution for possession of unauthorized drugs, which resulted in his losing ninety (90) days of gain time credits and being placed into disciplinary confinement for forty-five (45) days.  The disciplinary team's decision was based upon the disciplinary report concerning the incident, which stated that two corrections officers found a piece of paper in Petitioner's locker containing residue of a substance which tested positive for marijuana (Doc. 8, Ex. F).

       In this federal habeas action, Petitioner claims that he was deprived of his right to due process because the disciplinary team denied, without explanation, his request to have the piece of paper containing the residue forwarded to a laboratory for testing and denied his request to have the piece of paper produced at the hearing (Doc. 1 at 4).

Petitioner raised his claims in a petition for writ of mandamus in Leon County Circuit Court on August 18, 2003 (Doc. 1, Ex. A). On October 30, 2003, the court dismissed the petition for lack of jurisdiction, but stated the dismissal was "without prejudice to the plaintiff's ability to file in the sentencing court for the appropriate relief." (Doc. 1, Ex. V). Petitioner filed a timely motion for rehearing which was denied on February 20, 2004 (Doc. 1, Exs. W, X, Y).

On approximately June 30, 2004, Petitioner filed a petition for writ of habeas corpus in the Santa Rosa County Circuit Court, the court that originally sentenced Petitioner, asserting that he was unable to timely file a mandamus petition in that court because he did not receive the order denying his motion for rehearing from the Leon County court until June 10, 2004 (Doc. 1, Ex. Z). Petitioner requested that he be permitted to file a belated mandamus or habeas action challenging the disciplinary action (*id*.). On August 16, 2004, the Santa Rosa County Circuit Court dismissed Petitioner's petition on the ground that Petitioner failed to pay the filing fee or file a motion to proceed as an indigent, but stated, "This dismissal is without prejudice for the Petitioner to seek the appropriate relief in the Circuit Court for Leon County" (Doc. 1, Ex. AA). In the order of dismissal the court advised Petitioner that his correct remedy was to petition the Leon County Circuit Court for relief pursuant to Rule 1.540 of the Florida Rules of Civil Procedure and cited Hollingswoth v. Szczecina, 731 So.2d 790, 791 (Fla. 1st DCA 1999) for the proposition that an inmate may seek relief pursuant to Rule 1.540 by requesting that the original order be vacated and a new order issued such that the right to seek appellate review may be preserved (*id*.).

On August 4, 2004, prior to issuance of the Santa Rosa Court's decision, Petitioner filed a motion in the Leon County Circuit Court seeking to reinstate the original mandamus proceeding (Doc. 1, Ex. BB). Petitioner argued the Leon County Circuit Court should have transferred his mandamus action to the Santa Rosa Circuit Court rather than dismissing it (*id*.). Additionally, Petitioner argued that shortly after the Leon County Circuit Court's dismissal of his mandamus action, the Florida First District Court of Appeal held that in matters regarding forfeiture of gain time, the sentencing court is not the appropriate venue to address the matter. *See* Burgess v. Crosby, 870 So.2d 217 (Fla. 1st DCA 2004). Construing Petitioner's motion as brought under Rule 1.540 of the Florida Rules of Civil Procedure, the Leon County Circuit Court denied Petitioner's motion to reinstate his mandamus action on the ground that Burgess v. Crosby was decided several months after the order dismissing Petitioner's case, and a change in the law was not one of the grounds for

relief provided in Rule 1.540 (Doc. 1, Ex. CC).[1] Petitioner filed the instant federal petition on January 21, 2005 (Doc. 1 at 6).

II.     ANALYSIS

A petition for writ of habeas corpus should not be entertained in federal court unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989); Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir.), *cert. denied*, 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998). The courts of Florida must be given an opportunity to consider Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory. Picard v. Connor, 404 U.S. 270, 277-78, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971). Petitioner must fairly and substantially present his claim to the state court in order to exhaust the issue. Castille, 489 U.S. at 351, 109 S.Ct. at 1060; Watson v. Dugger, 945 F.2d 367, 371-72 (11th Cir. 1991). "[T]he requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). Instead, "the petitioner [must] afford the State a full and fair opportunity to address and resolve the claim on the merits." *Id.*; *see also* Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992). Generally, failure to exhaust is grounds for dismissal of the petition. Keeney, 504 U.S. at 10.

Under Florida law, a prisoner may seek state court review of a prison disciplinary hearing through an extraordinary petition with the appropriate state circuit court. Fla. R. App. P. 9.030(c), 9.100; *see also* McDuffy v. Moore, 747 So.2d 1003, 1004 (Fla. 2d DCA 1999). Although district courts of appeal and the Florida Supreme Court share original writ jurisdiction, unless exceptional circumstances exist the extraordinary writs must first be filed in the circuit court forum. *See* Harvard v. Singletary, 733 So.2d 1020 (Fla. 1999); Hansen v. Florida Parole and Probations Comm'n, 436 So. 2d 349 (Fla. 1st DCA 1983); Thomas v. Florida Parole and Probation Comm'n, 436 So. 2d 349 (Fla. 1st DCA 1983). Because the circuit court's review is appellate in nature, review of the circuit court decision may be secured only through a writ of certiorari filed in the appropriate state district court of appeal. Fla. R. App. P. 9.030(b); Sheley v. Florida Parole Comm'n, 720 So.2d 216 (Fla. 1998); Doss v. Florida Dept. of Corrections, 730 So.2d 316 (Fla. 4th DCA 1999) (applying Sheley, a parole case, in the context of prison disciplinary hearings).

---

[1] Rule 1.540 provides that the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. Fla. R. Civ. P. 1.540(b).

Case No.: 4:05cv29/MMP/EMT

Under certiorari review, Florida appellate courts are limited to considering whether the circuit court decisions "afforded procedural due process" and "observ[ed] the essential requirements of law." Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla. 1995). Further,

> [s]ince it is impossible to list all possible legal errors serious enough to constitute a departure from the essential requirements of law, the district courts must be allowed a large degree of discretion so that they may judge each case individually. The district courts should exercise this discretion only when there has been a violation of clearly established principle of law resulting in a miscarriage of justice.

*Id.* at 528 (quoting Combs v. State, 436 So. 2d 93, 95-96 (Fla. 1985)); *see also* Haines City Community Development, 658 So.2d at 531 n.14 (noting that there exists a "large grey area" as to whether an error is serious enough to be corrected under certiorari review). Of particular note, under certiorari review of an inmate disciplinary action, the First District Court of Appeal reversed a denial of mandamus relief based on the inmate's claim that the disciplinary team improperly denied his request to present witnesses at his hearing. Mariah v. Moore, 765 So.2d 929 (Fla. 1st DCA 2000). Similar relief has been provided when the names of eyewitnesses were improperly excluded from the disciplinary report and the disciplinary team failed to produce a videotape that recorded the incident in question. Plymel v. Moore, 770 So. 2d 242 (Fla. 1st DCA 2000).

In the instant case, Respondent argues Petitioner failed to exhaust his state court remedies because he failed to seek certiorari review of the Leon County Circuit Court's dismissal of his mandamus action. Petitioner concedes that the Florida process for challenging prison disciplinary actions includes seeking relief in the state circuit court and, if relief is denied, certiorari review by the district court of appeal (Doc. 9 at 2-3). However, Petitioner contends he was unable to appeal the Leon County court's dismissal of his mandamus action because a dismissal without prejudice is not a final order or an appealable nonfinal order according to the Florida Rules of Appellate Procedure (*id.* at 3). Petitioner further contends he is not subject to the exhaustion requirement of section 2254 because he is not challenging a judgment of a state court, rather, the administrative decision of the Florida Department of Corrections (*id.* at 6). In response to Petitioner's arguments, Respondent contends the order dismissing Petitioner's mandamus action was a final appealable order (Doc. 12 at 3). Additionally, Respondent asserts Petitioner may be able to file another Rule 1.540 motion requesting that the Leon County Circuit Court re-open the mandamus action (*id.* at 5).

Petitioner cites Benton v. Florida Department of Corrections, 782 So.2d 981 (Fla. 1st DCA 2001) in support of his position that he was precluded from appealing the order dismissing his mandamus action because the dismissal was without prejudice. However, Petitioner's reliance upon Benton is misplaced. In Benton, Petitioner sought to appeal a lower court's order dismissing without prejudice a civil rights action. *Id.* The First DCA held that the order was not a final or appealable

Case No.: 4:05cv29/MMP/EMT

nonfinal order because the lower court order permitted Benton an opportunity to file an amended complaint <u>in the same action</u> to correct the defect in his original complaint. *Id.* at 982. The appellate court further stated that if Benton was unable or unwilling to amend his complaint to correct the deficiency, his proper course was to advise the court and request entry of a final order of dismissal with prejudice which may then be appealed. *Id.*

In the instant case, the order dismissing Petitioner's mandamus action did not provide Petitioner an opportunity to revive his claim in the same action; rather, the jurisdictional basis for the dismissal completely foreclosed any further action in that case and constituted a final disposition of the case. Therefore, under state law, certiorari review of the dismissal of Petitioner's mandamus action was available. *See* <u>Carlton v. Wal-Mart Stores, Inc.</u>, 621 So.2d 451 (Fla. 1st DCA 1993). Although the state appellate court would likely have dismissed the petition for certiorari as untimely, under Florida law, dismissal would have been without prejudice to Petitioner's right to file a Rule 1.540 motion in the Leon County Circuit Court requesting that the circuit court vacate its initial order denying the mandamus petition and enter a new order, thereby providing him a second opportunity to seek certiorari review, because Petitioner's untimely filing would have been due to excusable neglect as Petitioner did not receive the order denying his motion for rehearing until after expiration of the time to appeal the order. *See* <u>Hollingsworth</u>, 731 So.2d at 791. Indeed, Petitioner was advised in the order issued by the Santa Rosa Circuit Court that his correct remedy was to petition the Leon County Circuit Court for relief pursuant to Rule 1.540 by requesting that the original order be vacated and a new order issued so that his right to seek appellate review of the order dismissing his mandamus action could be preserved (Doc. 1, Ex. AA). Although Petitioner filed a Rule 1.540 motion, he did not seek an opportunity to pursue certiorari review of the order dismissing his mandamus action, rather, he sought to re-argue the propriety of the court's dismissal of his mandamus action. Because Petitioner did not avail himself of an opportunity to obtain state appellate review of his claims, it is evident that Petitioner failed to exhaust his available state remedies relative to his claim.

Furthermore, Petitioner is no longer able to file a Rule 1.540 motion as the one year period for filing a motion has clearly elapsed. *See* Fla. R. Civ. P. 1.540(b). Thus, the state courts would now find any efforts to gain relief on Petitioner's claims to be procedurally barred. Because Petitioner is barred by state procedural rules from exhausting the substance of his claims, procedural default exists for purposes of federal habeas review. <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If a petitioner failed to raise an issue in the state court, and under state law would be procedurally barred from doing so, federal courts should apply the state procedural default law and hold the claim to be barred. <u>Chambers v. Thompson</u>, 150 F.3d 1324,

1327 (11th Cir. 1998); Grubbs v. Singletary, 120 F.3d 1174, 1177-78 (11th Cir. 1997), *cert. denied*, 118 S.Ct. 1388, 140 L.Ed.2d 647 (1998); Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993). However, this court may review the claims if Petitioner shows cause and prejudice for the default or that a miscarriage of justice will otherwise result.  *See* Coleman, 501 U.S. at 729; Murray v. Carrier, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649-50, 91 L.Ed.2d 397 (1986); Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray, 477 U.S. at 488, 106 S. Ct. at 2645).  In order to show prejudice, Petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Hollis v. Davis, 941 F.2d 1471, 1480 (11th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596, 71 L. Ed. 2d 816 (1982) (emphasis in original)), *cert. denied*, 503 U.S. 938, 112 S. Ct. 1478, 117 L. Ed. 2d 621 (1992).

In the instant case, Petitioner does not allege the existence of an external impediment that prevented him from pursuing the channels available to him to obtain appellate review of the order dismissing his mandamus action.  Furthermore, Petitioner failed to show that he was prejudiced by the alleged errors in the disciplinary proceeding.  Indeed, he cannot make such a showing because the errors of which he complains are not of constitutional dimension.

Petitioner claims he was denied due process in a prison disciplinary proceeding when he was convicted of possession of unauthorized drugs.  He contends he was denied the right to present evidence on his own behalf because his request for laboratory testing of physical evidence was denied.  Additionally, he argues the DOC denied his request to produce physical evidence of the violation at the hearing and based its decision solely on the charging officer's statement (Doc. 1 at 4).

Where a prison disciplinary hearing may result in the loss of good time credits, the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), held that the inmate must receive:  (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken.  *Id.*, 418 U.S. at 564-66, 94 S.Ct. at 2979.  In a subsequent case, the Supreme Court addressed the quantum of evidence necessary to support the factfinder's decision.  In Superintendent v. Hill, 472

U.S. 445, 455-56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), the Court held: "revocation of good time does not comport with the 'minimum requirements of procedural due process' unless the findings of the prison disciplinary board are supported by some evidence in the record." *Id.*, 472 U.S. at 454, 105 S.Ct. at 2773 (citation omitted).  The court further  explained:

> This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced. . . ."  United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 304, 71 L.Ed. 560 (1927).  Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.  *See ibid*.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (8th Cir. 1974).

Hill, 472 U.S. at 455-456, 105 S.Ct. at 2774.

The record shows on May 11, 2003, at 6:00 a.m., Officer H.M. Hudson wrote the following disciplinary report:

> On Sunday, May 11, 2003, at approximately 2:25AM, while assigned as F-dormitory housing sergeant, I assisted Sergeant Coffey, of the Inspector General's Office, search [sic] Wing One and Wing Two of H-dormitory with the nartotic [sic] K-9, Thor.  Thor alerted on the door of cell 3211.  Inmates Benton, Christopher (752585) and Inmate Simpson, Curtis (U07307) were removed from the cell and the cell was searched by Thor.  Thort [sic] alerted on the locker of inmate Benton and also on his bunk.  Thor alerted on a folded piece of paper in the bottom of inmate Benton's locker.  Sgt. Coffey unfolded the paper and we observed black specks on the paper, which Sgt. Coffey suspected of being narcotic residue.  Sgt. Coffey performed a field narctoic [sic] test on a small piece of the paper with the black residue and the sample tested positive for T.H.C.  The shift commander was notified for appropriate action.  Inmate Benton stated to Captain Durrance, "I know they didn't find any marijuana, but they might have found some residue."  Inmate Benton was placed in administrative confinement pending the charge of 3-3 Possession of Unauthorized Drugs.

(Doc. 8, Ex. A, Charging Disciplinary Report #107-030831).  The record also shows that Officer Demarais investigated the incident by interviewing Sgt. Hudson, Sgt. Coffey, and Capt. Durrance, and obtaining written statements from Petitioner and Inmate Simpson (Doc. 8, Exs. B, C, D, E).  In Sgt. Hudson's interview, he stated that the disciplinary report was true and correct as written (Doc. 8, Ex.  B).  A disciplinary hearing was held on May 20, 2003 (Doc. 8, Ex. F).  Petitioner was present, was offered staff assistance and declined, and pleaded not guilty (*id*.).  The disciplinary team issued a written decision finding Petitioner guilty based on Sgt. Hudson's statement (*id*.).

The record shows Petitioner was afforded fundamental fairness in the disciplinary proceeding.  Petitioner was afforded the procedural safeguards enunciated in Wolff, which does not require that an inmate be afforded the opportunity to obtain or present physical evidence or expert

examination thereof.  Furthermore, the record contained "some evidence" to support the conclusion that Petitioner committed the rule violation.  *See* Hill, 472 U.S. at 456, 105 S.Ct. at 2774 (prison guard's testimony and copies of his written report supported conclusion that the evidence before the disciplinary board was sufficient to meet the requirements imposed by the Due Process Clause); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (prisoner failed to show that he was denied due process in disciplinary proceeding; statements in prison official's written disciplinary report constituted "some evidence" to support conclusion that inmate committed violation; although official did not witness the violation and victim's statements included in the report might be considered inadmissible hearsay at a criminal trial, full panoply of rights due a defendant in a criminal trial did not apply to prison disciplinary proceeding); Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (witnessing officer's violation report is "some evidence").

Finally, Petitioner's claim that he is not subject to the exhaustion requirement of § 2254 because he is challenging the decision of a state administrative body and not a state court judgement is without merit.  This argument has been squarely rejected by the Eleventh Circuit Court of Appeals in Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

Accordingly, it is **ORDERED**:

Petitioner's Motion to Hear and Rule (Doc. 13) is **DENIED** as moot.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) challenging the disciplinary conviction dated May 20, 2003 (disciplinary report log number 107-030831) be **DENIED**, and that the clerk be directed to close the file.

At Pensacola, Florida this 28th day of November 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**